# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15-CV-0588-CVE-TLW |
| ) | |
| KYLE FELTY et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are plaintiffs' Notice (Dkt. # 1) and plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). Plaintiffs Fred and Rosemary Lollis, proceeding pro se, appear to be challenging a ruling by a state court removing their children from the Lollis' home. Plaintiffs claims that defendants have taken their "biological property" and it appears that the "biological property" is plaintiffs' children. Dkt. # 1, at 1. Plaintiffs allege that defendants violated 18 U.S.C. § 242 and committed other crimes, and they claim that the "Lollis court" will impose a fine of $2,000 per day until their "biological property" is returned. Id. at 4. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). However, this does not mean that the Court can function as an advocate for plaintiffs and the Court may not attempt to construct a claim for plaintiffs. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiffs' Notice does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiffs' pro se status, the Court can not permit plaintiffs to proceed with this case if the Court lacks subject matter jurisdiction over their claims.  Plaintiffs have not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a).  The Court has also considered whether the Notice states any basis for it to exercise federal question jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331.  Under § 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  Plaintiffs cite 18 U.S.C. § 242 as a basis for their claims, but plaintiffs have previously been advised that there is no private

right of action under this criminal statute. Lollis v. Torres, 2015 WL 3621026, *2 (N.D. Okla. June 9, 2015). Plaintiffs have not cited any other statute that could be used to support a civil claim, and they may not proceed with a civil case under a theory that defendants have committed a crime. Plaintiffs could be challenging a state court ruling removing their "biological property" from their home, but such a claim would likely be barred by the Rooker-Feldman doctrine if there were a final judgment entered by a state court. See Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). The Court can discern no colorable claim arising under federal law in the complaint, and the Court does not have federal question jurisdiction over this case. The Court finds that the case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiffs' claims are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 16th day of October, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE